IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC A. THOMAS,

    Plaintiff,                                No. CIV S-08-0544 WBS GGH P

    vs.

M.C. KRAMER, et. al.,

    Defendants.                      <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has purported to file, as petitioner, a petition for writ of habeas corpus. However, the sole claim of the putative petition is that his "right to confidential correspondence" has been violated. "Petition," p. 6.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

<u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

        Although plaintiff has submitted a declaration that appears to make the showing required by 28 U.S.C. § 1915(a), the court will not at this time grant plaintiff's request to proceed

in forma pauperis because plaintiff, as petitioner, submitted the application in the mistaken belief that he had filed a habeas petition, for which the fee is $5.00. However, as plaintiff, he is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Should plaintiff elect to file an amended complaint (see below), the court will evaluate his in forma application at that time.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

1 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v.
2 McKeithen</u>, 395 U.S. 411, 421 (1969).

3       Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts.
4 <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set
5 forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of
6 the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8
7 requires only "sufficient allegations to put defendants fairly on notice of the claims against
8 them."  <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

9       Plaintiff, an inmate at California State Prison- Folsom contends that certain of his
10 legal mail was intentionally opened by California Department of Corrections and Rehabilitation
11 (CDCR) employees outside of plaintiff's presence.  "Petition," p. 7.  Plaintiff does not adequately
12 identify or name specific defendants or set forth the circumstances of the alleged violation of his
13 constitutional right.  Thus, the complaint does not contain sufficient allegations to put defendants
14 fairly on notice.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);
15 <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with
16 vague and scanty allegations fails to satisfy the notice requirement of  Rule 8); 5 C. Wright & A.
17 Miller, <u>Federal Practice and Procedure</u> § 1202 (2d ed. 1990).  Nor does he set forth the form of
18 relief he seeks.  The petition, construed as a complaint, will be dismissed with leave to amend
19 within thirty days.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
22 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
23 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
24 there is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
26 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition, construed as a complaint, is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

2. The court will evaluate plaintiff's previously filed in forma pauperis application at the time of the filing of an amended complaint and will not assess a filing fee at this time.   Plaintiff will be required to pay the statutory filing fee of $350.00 for this action, should he seek to proceed in this action.

3. The Clerk of the Court is directed to re-designate this case as one brought pursuant to 42 U.S.C. § 1983, and is further directed to provide plaintiff with the appropriate form for the filing of a civil rights complaint by a prisoner in this district.

DATED: 10/10/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009 - thom0544.b