IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC ANGEL THOMAS, | ) | NO. 2:08-CV-0544 DAE LEK |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT PURSUANT TO 28 |
| vs. | ) | U.S.C. § 1915 |
| | ) | |
| M.C. KRAMER, CARL ROSS, J. McNEAL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING AMENDED COMPLAINT
PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Eric Angel Thomas is a California state prisoner proceeding pro se, seeking relief pursuant to 42 U.S.C § 1983. Plaintiff alleges that Defendants Carl Ross, Folsom State Prison ("FSP") Mailroom Supervisor, J. McNeal, R.J. Donovan Correctional Facility ("R.J. Donovan") Mailroom Supervisor, and M.C. Kramer, position unidentified, violated his constitutional rights by interfering with his legal mail during a two-week period in 2006. Specifically, Plaintiff alleges that Defendants Ross and McNeal failed to ensure that unidentified mailroom personnel at their respective prisons followed California Department of Corrections and Rehabilitation ("CDCR") policy regarding the handling of prisoners' legal mail. Defendants Ross and McNeal are

named in their official capacity only; it is unclear in what capacity Defendant Kramer is named. Plaintiff seeks permanent injunctive relief prohibiting CDCR employees from interfering with his confidential correspondence. For the following reasons, the court DISMISSES the Amended Complaint for failure to state a claim with leave granted to amend. *See* 28 U.S.C. § 1915A.

## I. **STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim for which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations and footnote omitted), *abrogating Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

Because Plaintiff is pro se, the court construes the allegations of the pleading liberally and affords him the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II. BACKGROUND

Plaintiff alleges that his First and Fourth Amendment rights were violated when his legal mail was opened outside of his presence and was then forwarded unopened to his new prison. Amd. Comp., Statement of Claim. In May 2007, Plaintiff's appellate counsel sent an envelope containing Plaintiff's trial court transcripts to Plaintiff at R.J. Donovan. Plaintiff, however, had been transferred to FSP on December 4, 2006. Plaintiff alleges that unknown R.J. Donovan mailroom employees "failed to follow [CDCR] policy in regard to legal mail procedure" by opening the mail, and then by forwarding the opened mail to Plaintiff at FSP. *Id.* Plaintiff alleges that McNeal, the R.J. Donovan Mailroom Supervisor, is responsible for failing to ensure his employees followed CDCR legal mail policies. Plaintiff alleges that Ross, the FSP Mailroom Supervisor, is responsible for failing to notify Plaintiff that his mail arrived opened and without its original envelope. Plaintiff does not allege that he suffered any harm to any court proceeding stemming from this incident. Plaintiff simply complains that he was unsure whether the mail packet was complete when he received it, as it arrived open and without an envelope, requiring him to confer with his attorney as to the original contents of the envelope.

# III. DISCUSSION

## A. No Fourth Amendment Violation

Plaintiff apparently alleges that his mail was subject to an illegal search and seizure in violation of the Fourth Amendment, when it was opened by prison personnel outside of his presence, rather than being immediately forwarded to him unopened. It is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *Nakao v. Rushen*, 766 F.2d 410, 412 (9th Cir. 1985). This analysis applies equally to an inmate's incoming mail. *See Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pre-trial detainee has no reasonable expectation of privacy in cell; no Fourth Amendment violation when inmate not present during search of legal materials). Thus, the issue of whether a prison official can open legal materials outside of an inmate's presence is more appropriately considered under the First Amendment. Insofar as Plaintiff alleges a violation of the Fourth Amendment, he fails to state a claim.

## B. No First Amendment Violation

Prisoners have a First Amendment right to send and receive mail, subject to reasonable institutional restrictions and regulations unrelated to the

suppression of free expression. *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Procunier v. Martinez*, 416 U.S. 396, 408-09 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413-14; *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials may, consistent with the First Amendment, open mail from attorneys in the prisoner's presence for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). In *Wolff*, the Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. *Id.* at 577. The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit.

When a claim involves nothing more than occasional error, delay, or negligence in the handling of mail, however, with no resulting injury or prejudice to the prisoner, there is no constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of legal mail outside inmate's presence fails to state constitutional claim); *Royse*, 779 F.2d at 575 (prisoner did not show that inspection of mail addressed to a court delayed or hindered his access to the court); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.

1974) (isolated incident of mail delay is insufficient to state a constitutional claim). Here, the simple fact that Plaintiff's legal mail was opened outside of his presence, whether intentionally or inadvertently, and then forwarded to him at his new prison, simply does not state a violation of constitutional dimension.

Of course, when legal mail is involved, a protected right of access to the courts may be violated if prison mail procedures actually impair or hinder a prisoner's presentation of grievances or the prosecution of litigation. *See Royse v. Superior Court of the State of Washington*, 779 F.2d 573, 575 (9th Cir. 1986); *see also Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989) (in order to state a claim for denial of access to courts, an inmate must show a specific instance in which he was actually deprived of access to court). Denial of access to the courts claims may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state such a claim, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely anticipated or already

lost, and the official acts that frustrated the litigation. *Harbury*, 536 U.S. at 415-16.

Plaintiff does not allege that his right of access to the court was injured in any way from the unnamed prison mailroom employees' actions in either opening or delaying his receipt of his legal mail. Plaintiff points to no actual injury to his access to the court. Moreover, taking the facts in the light most favorable to Plaintiff, those facts suggest otherwise. Plaintiff admits that he was represented by counsel when the incident at issue occurred, and there is no reason to believe that Plaintiff's counsel failed to protect his right of access to the court. Plaintiff further admits that he was unsure if anything was missing from the mail packet when it arrived and needed to inquire of his attorney. Plaintiff also admits that he was transferred to FSP on December 4, 2006, and his own attorney nonetheless sent the documents to him at R.J. Donovan more than five months later. This strongly suggests that either Plaintiff failed to notify his attorney of his new address, or that the attorney failed to take adequate care to ensure that Plaintiff's mail was correctly addressed. Plaintiff therefore fails to state a claim for a constitutional violation based on prison officials opening and forwarding his legal mail in May or June 2007.

# IV.  LEAVE TO AMEND

Plaintiff's Amended Complaint is dismissed for failure to state a claim on which relief may be granted.  By **May 1, 2009**, Plaintiff may submit an amended complaint to cure the deficiencies noted above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write *short, plain statements* explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The Second Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the Amended Complaint by reference.  Plaintiff may include only one claim per count.

Any amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## V. **28 U.S.C. § 1915(g)**

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

## VI. CONCLUSION

1. The Amended Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff has until **May 1, 2009** to file an amended complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint by May 1, 2009, this action will be AUTOMATICALLY DISMISSED, without further notice. If Plaintiff fails to timely comply with this Order, the Clerk of Court is DIRECTED to enter judgment of dismissal of this action with prejudice, clearly stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2009.



David Alan Ezra
United States District Judge

*Thomas v. Kramer, et al.*, Civ. No. 08-00544 DAE-LEK; Order Dismissing Amended Complaint Pursuant to 28 U.S.C. § 1915A; pro se attys\screening orders\DMP\2009\Thomas, 08-00544 DAE-LEK (FTSC EDCA)