IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ERIC A. THOMAS, | ) | CIVIL NO. 2:08-00544 DAE-LEK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| M.C. KRAMER, ET AL., | ) | |
| Defendants. | ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT
PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Eric A. Thomas ("Plaintiff") is a California state prisoner proceeding pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Carl Ross, in his official capacity as Folsom State Prison ("FSP") Mailroom Supervisor, and Defendant J. McNeal, in his official capacity as R.J. Donovan Correctional Facility ("R.J. Donovan") Mailroom Supervisor, violated his constitutional rights by interfering with his legal mail. Plaintiff seeks injunctive relief prohibiting the California Department of Corrections and Rehabilitation ("CDCR") from adopting mail handling methods that violate state and federal rights. Plaintiff also seeks monetary damages to pay for the replacement of the trial court transcript which he alleges was tampered with. For the following reasons, the Court DISMISSES the Second Amended Complaint for failure to state a claim, with leave to amend.

**STATUTORY SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint, or any portion thereof, if the plaintiff raises claims that: are legally frivolous or malicious; fail to state a claim for which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A court may dismiss a complaint for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

While a complaint does not need detailed factual allegations, see Fed. R. Civ. P. 8(a)(2),

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)[.]

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted) (emphasis and some alterations in original). In determining whether a complaint states a claim on which relief

may be granted, this Court assumes that all allegations of material fact are true and construes them in the light most favorable to the plaintiff.  See Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009).

Particularly in civil rights cases involving pro se plaintiffs, the Court must construe the pleadings liberally and must afford the plaintiffs the benefit of any doubt.  See Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003).  If a pro se plaintiff could cure the deficiencies in his complaint, the court must afford him the opportunity to amend his complaint before dismissal of the action.  See Rouse v. United States Dep't of State, 567 F.3d 408, 418 (9th Cir. 2009).

**BACKGROUND**

On March 11, 2008, Plaintiff filed a petition for writ of habeas corpus, alleging violations of his First and Fourth Amendment rights based on interference with his legal mail. United States Magistrate Judge Gregory G. Hollows initially screened the petition, construed it as a complaint brought pursuant to 42 U.S.C. § 1983, and dismissed it for failure to state a claim.  Plaintiff filed his Amended Complaint on October 21, 2008.

On April 7, 2009, United States District Judge David Alan Ezra issued an order dismissing the Amended Complaint with leave to amend ("2009 Dismissal Order").  The district judge

ruled that Plaintiff failed to state a claim for violation of the Fourth Amendment because state prisoners have no reasonable expectation of privacy in their cells and are not entitled to Fourth Amendment protection against unreasonable searches and seizures. As to Plaintiff's First Amendment claim, the district judge noted that a claim fails to allege a constitutional violation if it involves only occasional error, delay, or negligence in the handling of mail, with no resulting injury or prejudice to the prisoner. The district judge also ruled that Plaintiff did not allege that the interference with his mail violated his protected right of access to the courts because, *inter alia*, Plaintiff admitted he was unsure whether anything was missing from the mail packet, and Plaintiff did not allege any injury to his right of access to the courts.

Before the Court is Plaintiff's Second Amended Complaint under 42 U.S.C. § 1983 ("Second Amended Complaint") against Defendants Carl Ross and J. McNeal (collectively "Defendants").[1] According to the Second Amended Complaint, on May 2, 2007, Plaintiff's attorney mailed a package containing Plaintiff's trial court documents, including all court transcripts, to Plaintiff at R.J. Donovan. By the time Plaintiff received the package at FSP on June 25, 2007, the package had

---

[1] The Court notes that M.C. Kramer, who was named as a defendant in Plaintiff's Amended Complaint, is not named as a defendant in the Second Amended Complaint.

been opened, and the contents of the package were placed in plastic bag without the original envelop addressed by Plaintiff's attorney. [Second Amended Complaint at 3-4.[2]] Plaintiff alleges that someone at either the R.J. Donovan mailroom or the FSP mailroom tampered with the package. Plaintiff alleges that the transcript of his April 3, 2006 readiness hearing was missing from the package. Plaintiff claims that, as a result, he "could not present and successfully argue elements of court misconduct documented within the readiness hearing proceedings" during a post-conviction proceeding. [Id. at 4, 7.]

## **DISCUSSION**

### I. **Fourth Amendment Violation**

The Second Amended Complaint alleges that Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures was violated because a portion of his trial transcript was missing from the package that his attorney mailed him. [Id. at 7.] For the reasons stated in the district judge's 2009 Dismissal Order, this Court concludes that the Second Amended Complaint fails to state a claim for violation of the Fourth Amendment.

### II. **First Amendment Violation**

As noted in the district judge's 2009 Dismissal Order,

---

[2] The pages of the Second Amended Complaint are not numbered sequentially. The Court's citations refer to the page numbers reflected in the district court's electronic filing system.

prisoners have a First Amendment right to send and receive mail, subject to reasonable restrictions that are not aimed at suppressing expression.  Prison officials may, consistent with the First Amendment, open mail from attorneys in a prisoner's presence for visual inspection, but neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has addressed the issue whether prison officials may also open and visually inspect legal mail outside of a prisoner's presence.  A mere claim of occasional error, delay, or negligent handling of mail, with no injury or prejudice to the prisoner, does not state a claim for a constitutional violation.  [2009 Dismissal Order at 5-6.]

Plaintiff's Second Amended Complaint alleges that, when he finally received the package from his attorney, a portion of the trial court transcript from his readiness hearing was missing.  Plaintiff alleges that his First Amendment right of access to the courts was violated because the missing transcript prevented him from effectively arguing before "the post-conviction courts" that the trial court committed misconduct during the readiness hearing.  [Second Amended Complaint at 3-4, 7.]  Plaintiff seeks monetary damages to pay for the replacement of the missing transcript and a permanent injunction prohibiting the CDCR from adopting mail handling methods "that violate state and federal right(s) to confidential correspondence".  [Id. at 3

6

(alteration in original).]

### A. **Claim for Damages**

Section 1983 states in pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen
> of the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). Insofar as Plaintiff has only sued Defendants in their official capacities and Plaintiff seeks monetary damages, [Second Amended Complaint at 2-3,] Defendants are not persons for purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is a suit against the official's office and is subject to the State's Eleventh Amendment immunity). Plaintiff's claim for damages for the violation of his First Amendment right of access to the courts therefore fails to state a claim upon which relief can be granted.

### B. **Claim for Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief from Defendants in their official capacities, Defendants are persons for purposes of § 1983. See id. at 71 n.10 ("a state official in his or her official capacity, when sued for injunctive relief,

7

would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State" (citations and quotation marks omitted)). Plaintiff, however, seeks a permanent injunction prohibiting the CDCR from adopting mail handling methods "that violate state and federal right(s) to confidential correspondence". [Second Amended Complaint at 3 (alteration in original).]

First, the CDCR already has policies protecting prisoner's confidential correspondence, including correspondence with attorneys. <u>See</u>, <u>e.g.</u>, Cal. Code Regs. tit. 15, § 3141 (noting that "[c]onfidential correspondence is a right guaranteed by law", and stating that inmates may correspond confidentially with, *inter alia*, "[a]n attorney at law, on active status or otherwise eligible to practice law, listed with a state bar association"); § 3142 (Processing of Outgoing Confidential Mail); § 3143 (Processing Incoming Confidential Mail); § 3144 (Inspection of Confidential Mail).

Plaintiff appears to request an injunction requiring the CDCR to comply with these regulations. This, however, is not a cognizable claim. The Prison Litigation Reform Act ("PLRA") limited the prospective relief courts can order in cases regarding prison conditions.

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or

> plaintiffs. The court shall not grant or approve
> any prospective relief unless the court finds that
> such relief is narrowly drawn, extends no further
> than necessary to correct the violation of the
> Federal right, and is the least intrusive means
> necessary to correct the violation of the Federal
> right.

18 U.S.C. § 3626(a)(1)(A). The injunctive relief requested in the Second Amended Complaint is not narrowly drawn to correct the alleged violation of Plaintiff's right of access to the courts. For example, if Defendants were withholding the transcript from Plaintiff, he could seek an injunction requiring Defendants to deliver the transcript to him. Plaintiff's claim for injunctive relief therefore fails to state a claim upon which relief can be granted.

### C. <u>Insufficient Allegations</u>

Even if the Second Amended Complaint named Defendants in their individual capacities and/or sought injunctive relief available under the PLRA, this Court would still find that Plaintiff has not raised sufficient allegations to state a claim.

In order to have standing to bring a claim for violation of his right of access to the courts, Plaintiff must show that he suffered an actual injury. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). Plaintiff cannot state a claim for violation of his right of access to the courts by merely alleging that R.J. Donovan's and FSP's procedures for handling legal mail are "subpar in some theoretical sense." See <u>id.</u> at 351. He

9

"must go one step further and [assert] that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." See id. For example, Plaintiff might allege that he was unable to file his petition for post-conviction relief or that the petition he prepared was dismissed because he was unable to timely submit the transcript of the trial court readiness hearing. See id.

Further, the right of access to the courts only applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See id. at 353 n.3, 354-55. Plaintiff makes a general assertion that he was unable to present and successfully argue in post-conviction proceedings that the trial court committed misconduct during the readiness hearing. In order to state a claim for violation of his right of access to the courts, Plaintiff must set forth the following facts in addition to the factual allegations in the Second Amended Complaint: (1) the specific post-conviction case in which he sought to make a claim based on the missing transcript; (2) a non-frivolous claim based on the missing transcript which he was unable to present and argue in that case; and (3) how the fact that the readiness hearing transcript was missing from the package Plaintiff received on June 25, 2007 prevented him from presenting the non-frivolous claim in that case. If Plaintiff was later able to make his claim based on the readiness hearing

transcript without any prejudice to his post-conviction case, that does not constitute an actual injury. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (finding no actual injury where "[t]he only 'injury' suffered by plaintiff was his being required on one occasion to wait ten days to have a document notarized. As a result, he submitted the document later than he would have liked but prior to the date it was due.").

The Court also notes that Plaintiff has not alleged sufficient facts to state a claim against Defendants.

> A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

Stevenson v. Koskey, 877 F.2d 1435, 1438-49 (9th Cir. 1989) (citations omitted). Plaintiff states that he does not know who in particular allegedly tampered with his transcripts, but he alleges that Defendants are responsible for how their subordinates handle prisoners' mail. [Second Amended Complaint at 6.] Plaintiff has not alleged any affirmative act that

11

Defendants committed, any affirmative act of another person that Defendants participated in, any omission of an act that Defendants are legally required to perform, or any series of acts that Defendants set in motion which they knew or reasonably should have known would cause others to inflict the alleged injury upon Plaintiff.  Plaintiff has therefore failed to allege the requisite causal link between Defendants' actions and/or omissions and the violation of Plaintiff's constitutional rights.

Based on these principles, this Court concludes that Plaintiff has not pled sufficient facts to state a claim for violation of his right of access to the courts.

## **LEAVE TO AMEND**

Plaintiff's Second Amended Complaint is dismissed for failure to state a claim on which relief may be granted. Plaintiff may submit a third amended complaint to cure the deficiencies noted above by no later than **March 31, 2010.** The Clerk of Court will mail Plaintiff a court-approved form to use for filing the third amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the third amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write *short, plain statements* explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that

defendant did or failed to do; (4) how that defendant's actions or inactions are connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff does not know the name of an individual who allegedly violated his rights, Plaintiff should name the individual as a "Doe Defendant" in the third amended complaint. If this Court determines that the allegations of the third amended complaint are sufficient to warrant service against the described Doe Defendant, this Court will issue an order granting Plaintiff leave to conduct preliminary discovery to determine the Doe Defendant's identity.

If Plaintiff seeks monetary damages from a defendant, he must name that defendant in his or her individual capacity. See Hafer v. Melo, 502 U.S. 21, 23 (1991). If Plaintiff seeks injunctive relief, he must request relief that is narrowly drawn to correct the violation of Plaintiff's constitutional rights, and the relief must be the least intrusive means to correct the violation. See § 3626(a)(1)(A).

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The Third Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the Second Amended Complaint by reference. Plaintiff may include

13

only one claim per count.

Any amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the district court will treat the original complaint as nonexistent. See Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

## CONCLUSION

1.   The Second Amended Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff has until **March 31, 2010** to file a third amended complaint in compliance with this Order.

2.   If Plaintiff fails to file a third amended complaint by **March 31, 2010,** or if the third amended complaint does not correct the deficiencies identified in this Order, this Court will recommend that the action be dismissed without leave to amend.  Such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

3.   The Clerk of Court is DIRECTED to forward a copy of this Order along with the district court's approved prisoner civil rights complaint and instructions to Plaintiff, at P.O. Box 950, Represa, CA 95671, so that he may comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 8, 2010.

    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ERIC THOMAS V. M.C. KRAMER, ET AL; CIVIL NO. 2:08-00544 DAE-LEK; ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**